IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-129 |
| EDWARD BARTLE | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR TERMINATION OF SUPERVISED RELEASE**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Maureen McCartney, Assistant United States Attorney, respectfully submit its Response to Defendant's Motion for Termination of Supervised Release.

**I.     INTRODUCTION**

Defendant Edward Bartle was a methamphetamine distributor in Bucks County. Accepting the recommendation of the parties of a sentence substantially below the bottom of the applicable guideline range, this Court sentenced Bartle to 36 months imprisonment and eight years' supervised release.   He has served his prison sentence and is under the supervision of the United States Probation Office.    Bartle has been compliant with the terms of his supervision and is under minimal reporting requirements.   He seeks early termination of supervision.

Bartle seeks early termination of supervision "in the interests of justice." He does not, however, and could not allege that supervision has become unfairly onerous, much less obstructive of the purposes of the Court's sentence. Justice seems to be served by the present supervision, which, the government submits, has contributed substantially to Bartle's apparent success in returning productively to life after prison. The government, therefore, respectfully

opposes early termination. It does so in no punitive spirit but confident that Bartle is fairly and appropriately supervised by the highly professional Probation Office and may seek from his supervising Probation Officer the easing of any restriction consistently with the purposes of supervision in the professional judgment of the officer and the approval of the Court, if required.

## II.   DISCUSSION

### A.   Applicable Law

The applicable statute, 18 U.S.C. § 3583(e), authorizes the district court to grant early termination of supervised release if, in its discretion, such relief is appropriate and in the interests of justice. That section provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e).[1] As the Second Circuit explained in *United States v. Lussier*, 104 F.3d 32,

---

[1] The factors to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed . . .

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . .

(4) the kinds of sentence and the sentencing range established for –

    (A) the applicable category of offense committed by the applicable category of

36 (2d Cir. 1997), early termination of supervised release should not be casually granted, but is warranted only in cases where, in the opinion of the sentencing judge, the defendant shows changed circumstances sufficient to warrant relief. *See id.* at 36 (concluding that early termination is reserved for "occasional" cases of "exceptionally good behavior"). *See also United States v. Kay*, 283 F. App'x 944, 946 (3d Cir. 2008) (not precedential) (holding that a district court does not abuse its wide discretion when it requires a defendant to demonstrate sufficiently compelling circumstances to warrant early termination). Other courts following *Lussier* have repeatedly adopted a high standard of proof for granting early termination. *See, e.g., United States v. Williams*, No. Crim. A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006) ("early termination of supervised release should be ordered only in extraordinary circumstances"); *United States v. Guilliatt*, No. Crim. A. 01-408, 2005 WL 589354, at *1 (E.D. Pa. Jan. 18, 2005) ("early termination of probation should be ordered only in extraordinary circumstances"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("While Caruso has generally complied with the conditions of his probation, there is nothing contained in the record before me of an unusual or extraordinary nature that would warrant the early termination of his probationary sentence."); *see also United States. v. Lohman*, No. Crim. A. 02-

---

<blockquote>

<blockquote>defendant as set forth in the guidelines – [or]

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . .</blockquote>

(5) any pertinent policy statement. . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

</blockquote>

See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C), (D), (a)(4), (a)(5), (a)(6), and (a)(7).

219, 2007 WL 1430282, at *1 (E.D. Wis. May 15, 2007) (noting that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

Given the unique role of the district court in sentencing, and then supervising, a criminal defendant, it is obvious that the question whether to terminate supervised release early is one that, by its very nature, is "committed to the discretion of the district court." *United States v. Ross*, 9 F.3d 1182, 1189 n.7 (7th Cir. 1993), *rev'd on other grounds*, 511 U.S. 1124 (1994). *See also United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006) ("we review challenges to the imposition of a special condition of supervised release, as well as a district court's decision to modify the terms of release, for abuse of discretion"); United States v. Sines, 303 F.3d 793, 800 (7th Cir. 2002) ("Section 3583(e) instructs . . . that just as a district court has wide discretion when imposing the terms of supervised release[,] so too must it have wide discretion in modifying the terms of that supervised release.") (citation omitted). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court reaffirmed why district courts merit so much deference on appellate review as to sentencing decisions:

> The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record. The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court.

*Id.* at 596-97 (citations omitted).

The discretion afforded district courts by Section 3583(e) contemplates that the court will concentrate on factors including the specified Section 3553(a) factors, the post-release conduct of the defendant, as well as any other factors that the court may consider important in deciding what is in the "interest of justice." *See United States v. Pregent*, 190 F.3d 279, 283 (4th

Cir. 1999) ("The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period."); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006) ("The language in [Section 3583(e)] is discretionary, and the district court has wide discretion in determining whether to terminate an individual's term of supervised release."). The wide discretion afforded by Section 3583(e) thus allows district courts to choose to grant motions for early termination only under compelling changed circumstances, or even under less than compelling changed circumstances. The point is that the law unambiguously leaves it up to the district court to decide what facts it deems sufficient in any given case.

Well within this discretion under Section 3583(e), the court may require a defendant to demonstrate extraordinary circumstances justifying the relief sought. Indeed, court after court, including several district courts in this Circuit, has found that such a strict exercise of a court's discretion is appropriate when a movant seeks to change his sentence -- imposed only after a full evidentiary hearing -- based upon changed circumstances. *See Lussier*, 104 F.3d at 36; *Williams*, 2006 WL 618849, at *1; *Guilliatt*, 2005 WL 589354, at *1 ("[E]arly termination of probation should be ordered only in extraordinary circumstances" and "The conduct cited by defendant in support of his Petition is commendable. However, it is nothing more than what is required under the terms of defendant's probation."); *Caruso*, 241 F. Supp. 2d at 469. *See also United States v. Paterno*, No. Crim. A. 99-037, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002) ("Most Courts addressing this issue have found that compliance with the terms of supervised release and with the law alone are not enough to warrant early termination.") (citing cases). It will not do only to respond to these cases by suggesting that their reliance on *Lussier* is misplaced. *See* Def. Mot. ¶ 10 (arguing that *United States v. Laine*, 404 F. App'x 571 (3d Cir.

2010) (not precedential), wrongly relies on *Lussier*.).

That many courts have consistently, in the exercise of their discretion, called for a showing of compelling changed circumstances is no surprise. The law strongly favors finality in sentencing, and the defendants in these cases are seeking to alter imposed terms of supervised release. In each case, the district court made a specific determination of the appropriate length of supervised release, and it is entirely appropriate that these courts later decide, in the exercise of their discretion, that there is no reason to revisit the matter absent a significant change in circumstances.

    **B.**    **The Defendant Has Alleged an Insufficient Basis to Warrant Termination of Supervision.**

The general policy of this Office is to oppose requests for early termination of supervision that are based principally, as many are, on the mere passage of time compliantly with reasonable conditions that have not become unfairly onerous, much less obstructive of the purposes of the Court's sentence.   Bartle's is hardly, if at all, more than such a request. Further, Bartle's supervision appears to have served the purposes for which it was imposed. Far from being burdensome, much less unduly onerous, his supervision supports his efforts to comply with the conditions of supervision while overcoming previous difficulties he has experienced in maintaining lawful, legitimate employment.   Despite, or more likely because of, the supposedly unnecessary supervision by the Probation Office, Bartle has secured and maintained full-time employment.   Bartle is fairly and appropriately supervised by the highly professional Probation Office.   He may seek from her supervising Probation Officer the easing of any restriction consistently with the purposes of supervision in the professional judgment of the officer and the approval of the Court, if required. The issue then is whether Bartle can establish that his circumstances, weighing them in light of the factors required by § 3583(e), warrant the

extraordinary relief she requests.

Bartle requests that his supervision be cut by more than half, a significant sentence reduction. He bases his request on his bald desire to be relieved of supervision as a reward for compliance to date. Far from a reward, this relief, if granted, may prove to be counter-productive, depriving Bartle of the invaluable support of the Probation Office. In no punitive spirit but hopeful of Bartle's continued success, the government is constrained to note with respect that, without the steadying influence of Probation's supervision, Bartle may fail to achieve that success for which there is cause to hope while he remains under supervision.

The government therefore respectfully requests that in the exercise of its discretion in all the circumstances of this case, the Court deny the motion.

                    Respectfully submitted,

                    WILLIAM M. McSWAIN
                    United States Attorney


                    s/ Maureen McCartney
                    MAUREEN MCCARTNEY
                    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Response to Defendant's Motion for Early Termination of Supervised Release was served by electronic filing and US Mail on

> Edward Bartle, Jr.
> 19 East Mount Kirk Avenue
> Eagleville, PA 19403

> s/ Maureen McCartney
> MAUREEN MCCARTNEY
> Assistant United States Attorney

Date:   June 7, 2018