IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDWARD BARTLE | : | NO. 12-129 |

## ORDER

    **AND NOW**, this 14th day of June, 2018, upon consideration of Defendant's "Motion to Terminate Supervised Release Early" (Docket No. 52) and all documents filed in connection therewith, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.[1]

---

    [1] On April 1, 2013, Defendant was sentenced to a term of 36 months of imprisonment to be followed by eight years of supervised release on a charge of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841.  This sentence of incarceration was a significant downward departure from the low end of the advisory guideline range, which was 120 months.  Defendant completed his term of incarceration and began his supervised release on October 10, 2014.  He was transferred to U.S. Probation's low risk caseload on January 9, 2017.  He now brings a motion for early termination of his supervised release pursuant to 18 U.S.C § 3583(e)(1), having completed just three and a half years of his eight year term of supervision.

    We have discretion to terminate a defendant's term of supervised release if we are "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  In making that determination, we must consider certain factors laid out in the sentencing statute, 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  In addition, the United States Court of Appeals for the Third Circuit has stated that "early termination of supervised release under section 3583(e) should occur only when the . . . judge is satisfied that something exceptional or extraordinary warrants it" because "[s]imple compliance with the conditions of supervised release are expected and not exceptional."  United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010) (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

    Defendant contends that he should be discharged early from his term of supervised release because he has fully complied with his conditions of supervised release, is of low risk to re-offend, is gainfully employed, and has no educational, vocational, medical, or housing needs for which he needs probation's assistance.  He also argues that the presence of "exceptional circumstances" is not a formal requirement for early termination in 18 U.S.C. § 3583(e), and that the absence of such circumstances should not bar early termination in this case.

    We conclude, however, that early termination is not appropriate under the circumstances presented.  While Defendant is correct that § 3583(e) does not specifically require the presence of exceptional circumstances, the Third Circuit has recognized that consideration of whether a

BY THE COURT:


/s/ John R. Padova, J.


_____

John R. Padova, J.

---

Defendant's circumstances have significantly changed in a way that is extraordinary provides "a sensible basis for the exercise of [the court's] broad discretion under [§ 3583(e)]."   United States v. Kay, 283 F. App'x 944, 946 (3d Cir. 2008).   Here, Defendant has identified no such extraordinary circumstances.  Moreover, we are simply not convinced that the interests of justice and the applicable § 3553 factors support the termination of Defendant's supervised release, particularly given that he has satisfied less than half of his eight year supervised release term. While Defendant's progress on supervised release has been commendable, we believe that continued supervision at the minimum level currently required will not impede Defendant's continued progress or serve any punitive function but, rather, will assist him in continuing his positive transition from incarceration and his development into a fully productive and law-abiding member of society.  Accordingly, we deny Defendant's Motion.